

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

October 18, 1990

Mr. Wallace Collins
Administrator
Texas Real Estate Commission
P. O. Box 12188
Austin, Texas    78711-2188

Opinion No.  JM-1236

Re:    Authority of the Texas Real Estate Commission to adopt a rule permitting on-site audits of Mandatory Continuing Education (RQ-2057)

Dear Mr. Collins:

You ask about the validity of a rule promulgated by the Texas Real Estate Commission [hereinafter the commission] concerning continuing education courses. The 71st Legislature added section 7A to the Real Estate License Act [hereinafter the act] to require that, in order to renew or apply for licenses, certain applicants for real estate licenses and certain licensees provide the commission with proof of having met statutory continuing education requirements. Acts 1989, 71st Leg., ch. 169, § 6, at 561, 568.  Section 7A becomes effective on August 31, 1991, and applies only to licenses issued or renewed on or after that date. Id. § 17(b).  Given the extensive duties, outlined below, that have been conferred on the commission and the fact that persons renewing or applying for licenses on or after August 31, 1991, must provide proof of having met the statutory requirements, the commission must provide the means whereby those licensees and applicants may fulfill the requirements.

Section 7A implicitly requires the commission to approve continuing education courses and providers of those courses. It also grants the commission specific authority to adopt rules to implement the section's mandatory continuing education requirements. V.T.C.S. art. 6573a, § 7A(d).  Subsection (a) details specific statutory requirements regarding the content of required continuing education courses (e.g., the rules of the commission, fair housing laws, agency laws, antitrust laws) and requires the commission to approve real estate related topics for the remainder of the course work. Id. § 7A(a).  Subsection (a) also establishes the minimum and maximum hours for daily course work.  The section also allows the commission to provide for the substitution of commission approved

correspondence courses for classroom work and prohibits it from requiring examinations, except for correspondence courses.

You ask whether the act permits the commission to adopt the following rule concerning continuing education courses offered pursuant to the act:

> Commission employees may conduct on-site audits of any course offered by an approved MCE [mandatory continuing education] provider. Audits shall be conducted without prior notice to the MCE provider, and commission employees may enroll and attend an MCE course without identifying themselves as employees of the commission. An audit report indicating noncompliance with these sections shall be treated as a written complaint against the provider or instructor concerned and shall be referred to the enforcement division for appropriate resolution.

22 T.A.C. § 535.73(c).

When the rule was proposed, section 5(h) of the act was cited as the authority for its adoption. 14 Tex. Reg. 5716 (Oct. 27, 1989). Section 5(h) gives the commission the authority to make and enforce all rules necessary "to insure compliance with the provisions of this Act." V.T.C.S. art. 6573a, § 5(h).

The rule, which is only one of several, is aimed at ensuring compliance with section 7A of the act. Specifically, you ask whether section 15B(a) of the act, which restricts undercover investigations, precludes the adoption of the rule. Section 15B(a) reads as follows:

> Notwithstanding any other provision of the Act, there shall be no undercover or covert investigations conducted by authority of this Act unless expressly authorized by the commission after due consideration of the circumstances and determination by the commission that such measures are necessary to carry out the purposes of this Act. No investigations of licensees or any other actions against licensees shall be initiated on the basis of anonymous complaints whether in writing or otherwise but shall be initiated only upon the commission's own motion or a verified written complaint. Upon the

> adoption of such motion by the commission or upon receipt of such complaint, the licensee shall be notified promptly and in writing unless the commission itself, after due consideration, determines otherwise.

V.T.C.S. art. 6573a, § 15B(a).

It has been suggested that the proposed unannounced audits violate the restriction on undercover investigations. We read the prohibition found in section 15B to apply only to investigations of licensees and not to assessments of the course content of mandatory continuing education courses, providers, or instructors. The prohibition found in section 15B was originally adopted along with revisions to educational _licensing_ requirements. Acts 1981, 67th Leg., ch. 71, § 5, at 158, 161. The bill analysis for Senate Bill 484 describes the then new section 15B as:

> Allow[ing] the Texas Real Estate Commission to make a motion in a public meeting to investigate a licensed real estate broker or licensed real estate salesman. Also provides the Commission the right to probate a license.

Bill Analysis, S.B. 484, 67th Leg. (1981).

There is no indication that the prohibition on undercover investigations applies to anyone other than licensees. In fact, we believe that the proviso found in section 15B, "Notwithstanding any other provision of this act," was inserted in recognition of the commission's express authority to investigate licensees, found in section 15(a). Section 15B makes it clear that the section 15(a) investigatory authority does not include authority to conduct undercover investigations without "due consideration of the circumstances and determination by the commission that such measures are necessary to carry out the purposes of this Act." V.T.C.S. art. 6573a, § 15B(a). Since the state began regulating real estate dealers[1] and salesmen, the licensing authority has had express authority to

---

1. We use the generic term "dealers" because that was the term used in the 1939 act. The statutory designation was changed to "real estate brokers" by a 1955 amendment. Acts 1955, 54th Leg., ch. 383, at 986.

investigate the actions of licensed dealers and salesmen. See Acts 1939, 46th Leg., §§ 5(c), 11, at 560, 563, 569.

A comparison of sections 15(a) and 15B reinforces our conclusion, inasmuch as both allow investigations of licensees upon the commission's own motion or a verified, written complaint. By contrast, the audit permitted under the commission rule is an examination or review of the course content or, possibly, the hours of courses offered to satisfy statutory continuing education requirements.

We think, given the detailed requirements of section 7A and the section 5(h) authority to ensure compliance with the act, that it is reasonable for the commission to allow its employees to audit, without notice, continuing education classes to ensure that the requirements of section 7A of the act are being met.

### S U M M A R Y

Article 6573a, section 15B, V.T.C.S., prohibits undercover and covert investigations of licensees under the Real Estate License Act. That section does not prohibit unannounced audits of courses offered to satisfy the continuing education requirements of the act.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General